IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| STATES RESOURCES CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-5118-CV-SW-ODS |
| | ) |
| MICHAEL HARRIS and | ) |
| METZ BANKING COMPANY[1], | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR ORAL ARGUMENT

Pending is Plaintiff's Motion for Summary Judgment (Doc. # 8) and for Oral Argument (Doc. # 19). For the following reasons, Plaintiff's Motion for Summary Judgment is granted, and its Motion for Oral Argument is denied.

## I. BACKGROUND

The above-captioned matter is an action on a promissory note with a security agreement. Plaintiff avers that on March 21, 2007, Defendant Harris executed a consumer promissory note ("Note") in the amount of $76,750.65 in favor of Hume Bank. Repayment of the Note was secured by a security agreement ("Security Agreement") which granted to Hume Bank a security interest in and to all equipment, livestock, poultry, and cattle owned or acquired (the "Collateral"). The Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for Hume Bank, and Plaintiff purchased

---

[1] Defendant Metz Banking Company ("Metz") was named as a defendant as a party that could claim an interest in and to the Collateral. Metz did not file an answer or respond to the Court's order to show cause why a judgment in default should not be entered. Accordingly, the Court found Metz in default and granted Plaintiff's Motion for Default Judgement against Metz, finding that any interest of Metz to the collateral is subordinate to the interest of Plaintiff. See Doc. # 15.

the Note and Security Agreement from the FDIC.

The Note matured on October 7, 2008. The principal balance due was $76,750.65 with accrued interest through that date in the amount of $9,531.13, for a total amount due of $86,281.78. Additionally, interest has been accruing since October 7, 2008 at the rate of $16.77610 per day. The terms of the Note also require Defendant Harris to pay the costs of collection including attorney's fees. Plaintiff has incurred attorney's fees in the amount of $2,541.94. Due to Defendant Harris's failure to pay on the Note according to its terms, Plaintiff has demanded possession of the Collateral; Defendant has failed and/or refused to relinquish possession.

In response to Plaintiff's Motion for Summary Judgment, Defendant Harris argues merely that there is no proof that Defendant Harris executed or signed the Note, but does not attach an affidavit stating that he did not in fact execute or sign the Note.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

2

## III. DISCUSSION

Federal Rule of Civil Procedure 56(e) requires a party opposing a motion for summary judgment to provide evidence setting forth specific facts showing there is a genuine issue for trial. Defendant Harris has not provided such evidence. Additionally, Missouri law, which governs this action according to the terms of the promissory note, provides "[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings." Mo. Stat. Ann. § 400.3-308(a). Defendant's Answer states, "[Defendant] hereby denies all allegations in all paragraphs of all counts of Plaintiff's [Complaint]." The Court concludes this is not a specific denial that Defendant Harris signed the Note. See Missouri Farmers Ass'n, Inc. v. Todd, 667 S.W.2d 736, 738 (Mo. App. E.D. 1984) (holding that the statement "'[d]efendants deny the allegation contained in Paragraphs 1, 2, 3, 4 and 5 of Plaintiff's Petition'" "did not constitute a specific denial of [defendant's] signature which could put her signature at issue."). Therefore, Defendant is deemed to have admitted signing the Note and Security Agreement and has not submitted any evidence to prove the contrary.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted. Judgment is entered in favor of Plaintiff and against Defendant Harris in the amount of $76,750.65 with accrued interest through October 7, 2008 in the amount of $9,531.13. Additionally, the judgment includes the interest that has continued to accrue since October 7, 2008 at the rate of $16.77610 per day, for an additional amount of $3,288.12 The judgment also shall include the attorney's fees incurred by Plaintiff in the amount of $2,541.94. Therefore, the total judgment in this case on the Note is $92,111.84 with additional post-judgment interest.

Plaintiff is also entitled to possession of the Collateral. Defendant is ordered to assemble the Collateral and make it available to Plaintiff at a place designated by

3

Plaintiff which is reasonably convenient to both parties on or before May 22, 2009. If Defendant fails to comply with this order, the Court could impose contempt sanctions against Defendant, up to and including incarceration.

IT IS SO ORDERED.

DATE: April 21, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

4